**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SAMUEL DONETS,** individually and on behalf of all others similarly situated, | Case No. 1:20-cv-03551 |
| Plaintiff, | |
| vs. | Hon. Franklin U. Valderrama |
| **VIVID SEATS LLC,** | |
| Defendant. | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

I.      **Nature of the Case**

A.      Attorneys of record for each party including lead trial attorney and any local counsel.

For Plaintiff:

Nick Wooten - *Lead and Trial Counsel*
NICK WOOTEN, LLC
5125 Burnt Pine Drive
Conway, Arkansas 72034
(833) 937-6389
nick@nickwooten.com

Rusty A. Payton (Illinois Bar No. 6201771)
PAYTON LEGAL GROUP
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Arthur C. Czaja (Illinois Bar No. 6291494)
LAW OFFICE OF ARTHUR CZAJA
7521 N. Milwaukee Avenue

For Defendant:

Richard McArdle (Illinois Bar No. 6216504) -
*Lead and Trial Counsel*
Joseph A Donado (Illinois Bar No. 6277386)
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
(312) 460-5634
rmcardle@seyfarth.com
jdonado@seyfarth.com

Mark Mester (Illinois Bar No. 6196140)
Robert C. Collins III (Illinois Bar No. 6304674)
Renatta A. Gorski (Illinois Bar No. 6332737)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-6566

Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com

mark.mester@lw.com
robert.collins@lw.com
renatta.gorski@lw.com

B.     State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things. ***First***, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business. ***Second***, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of each and every partner/member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the case satisfies the elements necessary for the Court to exercise original jurisdiction under CAFA. Plaintiff is a citizen of Illinois. Defendant is a Delaware limited liability company with its principal place of business in Illinois. At least one member of the class is of diverse citizenship to Defendant.

C.     Provide a short overview of the case in plain English (five sentences or less).

This is a class action brought under the Illinois Biometric Privacy Act. Plaintiff claims Defendant used a fingerprint scanner for time keeping purposes in violation of BIPA. Plaintiff claims from Defendant liquidated damages under the Act for each member of the class for each violation.

D.     Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Donets claims liquidated damages for every violation of BIPA for each class member. Donets contends there are multiple scans per day per plaintiff. Donets also claims that every retention or distribution of each scan is also a separate violation of BIPA.

Defendant asserts the following defenses:

Among other things, Vivid has asserted in its pending motion to dismiss that Donets's claims are time-barred due to the statute of limitations; that the Exclusivity Provisions in the IWCA preempt Donets' claims for damages; and that Donets has failed to plausibly establish that Vivid "willfully" or "recklessly" violated BIPA.

2

E.      Principal factual issues.

The class period; the number of potential class members; the number of alleged BIPA violations, if any, subject to a claim for liquidated damages; whether Vivid acted with the requisite intent under BIPA - i.e., "negligently," "recklessly," or "intentionally."

F.      Principal legal issues.

The applicable statute of limitations.
Whether the Exclusivity Provisions of the IWCA preempt Donets's claims.
Whether Plaintiff can establish that BIPA applies to Defendant or that Defendant violated BIPA
The number of actionable violations, if any.
The culpability of the conduct in question.

G.      What relief is the plaintiff seeking?  Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel the case.  This estimate will not be admissible.).

Plaintiff's estimates, drawn from information shared by the Defendant and assuming a five-year statute of limitations, puts the damages at \$95,000,000 if the Court finds there are two negligent violations per day per putative class member, for the putative class period. Any increase in violations per day or an increase to heightened liquidated damages for recklessness or willfulness would increase the damages accordingly.

H.      Defendant has been served.

## II.      Discovery

A.      Propose a discovery schedule.  Include the following deadlines:  (1) Rule 21(a)(1) disclosures; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions.  *Fill in the blanks, below.*

Also, submit a Word version of the proposed scheduling order to Judge Valderrama's proposed order inbox, Proposed_Order_Valderrama@ilnd.uscourts.gov.  The template is available on the Court's webpage.

Plaintiff proposes the following schedule:

3

| Event | Deadline |
|---|---|
| Rule 26(a)(1) disclosures | January 15, 2020 |
| Amendment to the pleadings | Only with Court's permission going forward |
| Service of process on any "John Does" | None |
| Completion of Class Certification Discovery | March 27, 2021 |
| Deadline to File Class Certification Motion | April 16, 2021 |
| Opposition to Certification Due | May 14, 2021 |
| Reply to Opposition to Certification Due | May 28, 2021 |
| Completion of Merits Discovery | September 24, 2021 |
| Disclosure of Plaintiff's Expert Report(s) | October 22, 2021 |
| Deposition of Plaintiff's Expert | November 12, 2021 |
| Disclosure of Defendant's Expert Report(s) | December 3, 2021 |
| Deposition of Defendant's Expert | December 17, 2021 |
| Dispositive Motions | January 21, 2022 |
| Dispositive Motion Responses | February 18, 2022 |
| Dispositive Motion Replies | March 4, 2022 |

In light of Defendant's pending Motions to Stay and to Dismiss, Defendant proposes that discovery be deferred until after the Court rules on both motions. If the Court denies those motions, then Defendant proposes that discovery be set as follows:

Completion of Class Certification Discovery and Class Certification Motion: Within 6 months of the Court's rulings on Defendant's Motion to Stay and Motion to Dismiss.

Completion of Merits Discovery: Within 6 months of the Court's ruling on Plaintiff's Motion for Class Certification.

Defendant proposes that the remaining deadlines be scheduled after the completion of merits discovery.

66985069v.4

B.     How many depositions do the parties expect to take?

Plaintiff: Up to 10 fact depositions split between certification and merits

Defendant: Up to 10 fact witness depositions.

C.     Do the parties foresee any special issues during discovery?

No.

D.     Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Valderrama's proposed order inbox.

**Parties Discovery Plan:**

Changes to Disclosure requirements:

Because this is a class action the parties propose to bifurcate discovery into certification and merits. This report includes the parties' proposed deadlines for each phase of discovery.

The parties do not anticipate any issues with ESI that will need the Court's intervention. The case is relatively straightforward and Defendant indicates that it has the relevant records in a form accessible and capable of being produced.

The parties do not believe there are any special issues regarding privilege or protection of trial preparation materials.

The parties agree to limit interrogatories to 30 including subparts. The parties agree to limit requests for production to 30 including subparts.

The parties are not aware of any other orders the Court should enter regarding discovery.

## III.   Trial

A.     Have any of the parties demanded a jury trial?

Plaintiff has demanded a jury trial.

B.     Estimate the length of trial.

5

66985069v.4

10 full trial days.

## IV.  Settlement, Referrals, and Consent

A.   Have any settlement discussions taken place?  If so, what is the status?  Has the plaintiff made a written settlement demand?  And if so, did the defendant respond in writing?  (Do not provide any particulars of any demands or offers that have been made.)

The parties discussed an early mediation in the case. Defendant provided information about the size of the putative class and the applicable class period. However, as the parties began to discuss damages, their efforts to settle fell apart.

B.   Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

The parties are aware of the availability of a settlement conference with the Magistrate. The parties currently do not believe this would be fruitful.

C.   Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment?  Do all parties unanimously consent to that procedure?  The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

The parties do not agree to proceed before the Magistrate for all purposes.

## V.  Other

A.   Is there anything else that the plaintiff wants the Court to know?  N/A.

B.   Is there anything else that the defendant wants the Court to know?  N/A.

Dated:  December 1, 2020                                *Respectfully submitted*,


*/s/ Nick Wooten*                                  */s/ Joseph A. Donado*
Nick Wooten                                        Richard McArdle (Illinois Bar No. 6216504)
NICK WOOTEN, LLC                                   Joseph A Donado (Illinois Bar No. 6277386)
5125 Burnt Pine Drive                              SEYFARTH SHAW LLP
Conway, Arkansas 72034                             233 S. Wacker Drive, Suite 8000
(833) 937-6389                                     Chicago, Illinois 60606-6448
nick@nickwooten.com                                (312) 460-5634
                                                   rmcardle@seyfarth.com
                                                   jdonado@seyfarth.com
Rusty A. Payton (Illinois Bar No. 6201771)
PAYTON LEGAL GROUP
20 North Clark Street, Suite 3300                  Robert C. Collins III (Illinois Bar No. 6304674)
Chicago, Illinois  60602                           Mark Mester (Illinois Bar No. 6196140)

6

66985069v.4

(773) 682-5210
info@payton.legal

Arthur C. Czaja (Illinois Bar No. 6291494)
LAW OFFICE OF ARTHUR CZAJA
7521 N. Milwaukee Avenue
Niles, Illinois  60714
(847) 647-2106
arthur@czajalawoffices.com

*Counsel for Plaintiff*

Renatta A. Gorski (Illinois Bar No. 6332737)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-6566
robert.collins@lw.com
mark.mester@lw.com
renatta.gorski@lw.com

*Counsel for Defendant*

7

66985069v.4