**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAMUEL DONETS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | No. 20-cv-03551 |
| v. | Judge Franklin U. Valderrama |
| VIVID SEATS LLC, | |
| Defendant. | |

**ORDER**

Plaintiff Samuel Donets (Donets), a former employee of Defendant Vivid Seats LLC (Vivid Seats) brings this proposed class action against Vivid Seats for alleged violations of the Illinois Biometric Information Privacy Act (BIPA). R. 24, Am. Compl.[1] Vivid Seats moved to dismiss the amended complaint on three bases: (1) Donets' claim is time-barred by the statute of limitations; (2) Donets' request for damages are barred by the Exclusivity Provisions in the Illinois Workers' Compensation Act (IWCA); and (3) Donets has failed to sufficiently assert allegations that plausibly establish that Vivid Seats "willfully" or "recklessly" violated BIPA. R. 30, Mot. Dismiss. Simultaneously with its motion to dismiss, Vivid Seats moved to stay the proceedings pending: (1) appeals in two Illinois appellate court cases, (2) a petition for leave to appeal to the Illinois Supreme Court, and (3) an interlocutory appeal before the Seventh Circuit Court of Appeals. R. 32, Mot. Stay. Vivid Seats contends that each pending appeal and petition will inform the Court's analysis regarding the statute of limitations and IWCA's exclusive remedy provisions. *Id.* Donets opposes Vivid Seats' motion to stay. R. 35, Opp. Mot. Stay. For the reasons set forth below, Vivid Seats' motion to stay is granted in part and denied in part.

**Statement**

District courts have the inherent power to control their own dockets, including the power to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir.

---

[1] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). How best to manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In evaluating whether to exercise their discretion to stay proceedings, courts consider "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Berkeley\*IEOR v. Teradata Operations, Inc.*, 2019 WL 1077124, at \*5 (N.D. Ill. Mar. 7, 2019).

*Statute of Limitations*

Vivid Seats contends that this Court should stay the case pending decisions from the Illinois Appellate Court in *Tims v. Black Horse Carriers*, App. No. 1-20-0563 and *Marion v. Ring Container Techs., LLC*, App. No. 3-20-0184. Both cases will be addressing the currently unsettled question of which statute of limitations period applies to BIPA claims. "Federal courts hearing state law claims under diversity … apply the forum state's choice of law rules to select the applicable state substantive law." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). In this case, Donets' claims arise under Illinois law. Am. Compl. ¶ 1. Because the Illinois Supreme Court has not yet decided the applicable statute of limitations for BIPA claims, a decision from the Illinois Appellate Court would likely be binding here.[2] *See Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently."); *see also Vaughan v. Biomat USA, Inc.*, 2020 WL 6262359, at \*2 (N.D. Ill. Oct. 23, 2020) (staying a BIPA case until the Illinois Appellate Court's decision in *Tims*).

Vivid Seats also seeks to stay this case pending the Seventh Circuit's decision on an interlocutory appeal in *In Re: White Castle System, Inc.*, No. 20-8029 (*Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604 (N.D. Ill.)). The certified question is whether a private entity violates BIPA only when it first collects an individual's biometric information, or whether a violation occurs each time a private entity

---

[2]Of course, it is possible that the Illinois First District Appellate Court's decision in *Tims* will conflict with the Illinois Third District Appellate Court's decision in *Marion*. If that is the case, then this Court must predict how the Illinois Supreme Court would decide the issue. *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 636 (7th Cir. 2002).

collects or discloses the biometric data in violation of 740 ILCS 15(b) or 15(d).[3] *Cothron v. White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 141 (N.D. Ill. Oct. 1, 2020).

As noted above, in support of its Motion to Dismiss, Vivid Seats argues that Donets' claims are time-barred. Mot. Dismiss at 3–9. Vivid Seats therefore contends that a stay would be appropriate because the outcome of the appeals in *Tims* and *Marion* will constitute decisional authority that this Court should consider, which could potentially dispose of the entire case or at the least significantly reduce Donets' and the class' claims in scope and value. Similarly, Vivid Seats correctly states that the Seventh Circuit's decision in *White Castle* will be binding on this Court.

Donets opposes the stay, arguing that "there is no reason to suspect that the Appellate Court in *Tims* or *Marion* would depart from what seems to be an elementary application of an unambiguous statute to the undisputed facts of a case" and hold that BIPA claims are subject to a five (5)-year limitations period. Opp. Mot. Stay at 8. Donets further argues that the certified question on appeal in *White Castle* is unlikely to change the statute of limitations analysis, because the plain language of the statute makes clear that BIPA is violated each and every time an entity collects or discloses an individual's biometric data. *Id.* at 9 (citing *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019)).

The Court finds it appropriate to stay this case pending the *Tims* and *Marion* Illinois Appellate Court decisions on the applicable statute of limitations. The *Tims* and *Marion* decisions could control the Court's resolution of the timeliness issue and guide the parties' positions as they proceed with this litigation. *See Nationwide Agribusiness Ins.*, 810 F.3d at 450. And at least two judges in this District have stayed similar cases pending the Illinois Appellate Court's decision in *Tims*. *See Vaughan*, 2020 WL 6262359, at *2; *Bell v. SDH Servs. W., LLC*, 20-cv-3181, Dkt. 22 (N.D. Ill. Aug. 27, 2020). Both courts reasoned that the benefits of a stay pending a potentially dispositive decision outweighed the potential risks of the delay. In *Bell*, the court held that a stay was appropriate even though a statute of limitations argument was not appropriate for a motion to dismiss because the plaintiff did not include any relevant dates in the complaint. *Bell*, 20-cv-3181, Dkt. 22. Here, as Vivid Seats argues in its motion to dismiss, Donets included dates in his complaint, alleging that he used the time clock at issue "since at least 2015." Mot. Dismiss at 8 (citing Am. Compl. ¶ 27). So Vivid Seats' statute of limitations argument is properly raised on a motion to

---

[3]The full question on appeal is:

> Whether a private entity violates Sections 15(b) or 15(d) of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq., only when it is alleged to have first collected (§ 15(b)) or to have first disclosed (§ 15(d)) biometric information or biometric identifiers ("biometric data") of an individual without complying with the requirements of those Sections, or whether a violation occurs each time that a private entity allegedly collects (§ 15(b)) or discloses (§ 15(d)) the individual's biometric data without complying with the requirements of the applicable subsection.

dismiss, and the Illinois Appellate Court's decisions in *Tims* and *Marion* could be dispositive.

A stay is also appropriate pending the Seventh Circuit's *White Castle* decision on when an injury occurs under BIPA. Contrary to Donets' argument that BIPA is "unambiguous and dispositive" as to when a violation occurs, as the district court in *White Castle* noted upon certification of the interlocutory appeal, "reasonable minds can and have differed as to the clarity of BIPA's statutory text and the extent to which suppositions about legislative intent should shape courts' application of it." *White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 141. As Vivid Seats points out, the district court in *White Castle* stayed proceedings pending the Seventh Circuit's interlocutory review, and the Seventh Circuit held that such a stay was "warranted." *White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 145; *White Castle*, No. 20-8029, Dkt. 9 (7th Cir. Nov. 9, 2020). So too here, the Seventh Circuit's decision may limit or eliminate Donets' and the class' timely claims and a stay is appropriate pending the appeal. Despite Donets' argument that the outcome of *White Castle* will never dispose of the case, Opp. Mot. Stay at 12—if the Seventh Circuit disagrees with the district court, and holds that a violation occurs only when the entity first collects or first discloses an individual's biometric data, it may dispose of Donets' claim if the Illinois Appellate Court were to hold that a one-year statute of limitations applies. Regardless of whether it disposes of the case, the Seventh Circuit's decision will impact the size of the class.

According to Vivid Seats, a stay would conserve the parties' and judicial resources, saving expenditures on potentially costly motion practice and discovery. Donets raises several arguments in opposition to the stay. He contends that a stay would unnecessarily delay the case and will not streamline the litigation. Opp. Mot. Stay at 11–12. He also argues that a stay will allow Vivid Seats to continue "to store and potentially use his biometric data in violation of BIPA." *Id.* at 11. Although the Court is mindful of the harms associated with the retention and potential misuse of sensitive data, a stay will cause minimal, if any, additional harm to Donets in this case, given the limited nature of the stay.[4] Moreover, Donets asserts that Vivid Seats is storing and "potentially" using sensitive data in violation of BIPA. When presented with arguments like these, courts have concluded that stays are still appropriate considering countervailing interests weighing in favor of a stay. *See, e.g., Vaughan*, 2020 WL 6262359, at *3. Donets' concerns do not justify denying Vivid Seats' request for a stay, taking into account the economies to be gained from staying this litigation. *See id.*; *see also Bell*, 20-cv-3181, Dkt. 22; *Treadwell v. Power Sols. Int'l, Inc.*, 18-cv-8212, Dkt. 120 (N.D. Ill. Apr. 1, 2020) (concluding that the plaintiff's

---

[4]This Court understands that both *Tims* and *Marion* are fully briefed. The Seventh Circuit granted the petition for permission to appeal in *White Castle* on November 9, 2020. A briefing schedule has not yet been set.

concerns did not justify denying a request for a stay, "especially when weighed against the time and expense the parties will expend in litigating his claims").

*Illinois Workers Compensation Act*

Vivid Seats also requests that the Court stay this case pending the decision of the Illinois Supreme Court on the defendant's petition for leave to appeal in *McDonald v. Symphony Bronzeville Park, LLC*. Mot. Stay ¶ 4, Ex. 4, *McDonald* Pet. The defendant seeks to appeal the Illinois Appellate Court's unanimous holding that the exclusivity provisions of the IWCA do not bar claims brought under BIPA. *McDonald* Pet. at 2. True, as Vivid Seats argues, the answer to that question would directly impact the outcome of Vivid Seats' second basis for dismissal—IWCA preemption. Mot. Stay ¶¶ 4, 6. But, as Donets contends, not only has the Illinois Supreme Court not yet accepted the petition, but also myriad state and federal district courts have held as did Illinois Appellate Court in *McDonald*, that the IWCA does not preempt BIPA claims. Opp. Mot. Stay at 6–7 (collecting cases). Additionally, many state courts, and at least one federal district court, have refused to stay BIPA litigation pending resolution of an appeal of the IWCA preemption issue. *Id.* at 13–14 (collecting cases); *Mintun v. Kenco Logistics Servs. LLC*, 2020 WL 1700328, at *2 (C.D. Ill. Apr. 7, 2020).[5] Without ruling on the question directly, this Court agrees with the court in *Mintun* that it is unlikely that the Illinois Supreme Court would rule that IWCA preempts BIPA. 2020 WL 1700328, at *2.

Moreover, unlike the stay pending the Illinois Appellate Court's decisions on the fully-briefed appeals in *Tims* and *Marion*, and the interlocutory appeal currently pending before the Seventh Circuit, the Illinois Supreme Court has not yet granted the petition for leave to appeal in *McDonald*, and thus, the stay would not be as limited in duration. *Contra Vaughan*, 2020 WL 6262359, at *2 (a stay would be limited and unlikely to prejudice a party where it would be in place pending an appellate decision on a fully briefed case). Therefore, Vivid Seats' Motion to Stay the proceedings pending the Illinois Supreme Court's decision in *McDonald* is denied.

For the foregoing reasons, Vivid Seats' Motion to Stay [32] is granted in part and denied in part. The Court stays this case pending the Illinois Appellate Court's decisions in *Tims v. Black Horse Carriers*, App. No. 1-20-0563 and *Marion v. Ring Container Techs., LLC*, App. No. 3-20-0184 and pending the Seventh Circuit's

---

[5]As *Vivid Seats* points out, at least two other judges in this District granted stays while *McDonald* was pending before the Illinois Appellate Court. *Bell*, 20-cv-3181, Dkt. 22; *Treadwell*, 18-cv-8212, Dkt. 120. Since *Bell* and *Treadwell* were stayed, the Illinois Appellate Court issued its decision in *McDonald*, unanimously holding against IWCA preemption. Both courts have continued the stays since the Illinois Appellate Court issued its decision; however, this Court granted a continuance of the stay in *Treadwell* at the parties' request because they are engaged in settlement negotiations, not because of the pending Illinois Supreme Court decision on the petition for leave to appeal. 18-cv-8212, Dkt. 125, 126.

5

decision in *In Re: White Castle Sys., Inc.*, No. 20-8029. The parties are to file a status report by February 15, 2021 to update the Court on the status of these cases. Vivid Seats' Motion to Dismiss [30] is denied without prejudice with leave to refile once the stay is lifted.

Date: 12/15/2020

_____
United States District Judge
Franklin U. Valderrama