**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL DONETS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VIVID SEATS LLC,<br><br>Defendant. | Case No. 1:20-cv-03551<br><br>Hon. Franklin U. Valderrama |

## DECLARATION OF SAMUEL DONETS

I, Samuel Donets, declare as follows:

1. I am the Plaintiff in the above-captioned matter and submit this Declaration in that capacity.

2. I have personal knowledge of the facts and matters alleged herein, can competently testify to same.

3. On June 11, 2021, I received a cover letter, limited release, and consent form via U.S. mail. A copy of these documents are attached hereto as Exhibit A.

4. The documents sent forth in the preceding paragraph were received in an envelope with a label bearing the name Seyfarth Shaw. Also contained in the envelope was a prepaid return envelope addressed to Vivid Seat, which included the name Seyfarth Shaw. A copy of these documents are attached hereto as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 24, 2021.

_____
Samuel Donets

**EXHIBIT A**

# VIVIDSEATS®

June 2, 2021

Samuel Donets
2905 Covert Rd
Glenview, IL 60025

Re:   Your Former Employer - Vivid Seats, LLC

## PLEASE READ CAREFULLY

On June 17, 2020, a lawsuit was filed against Vivid Seats, LLC ("Vivid Seats") by a former employee, Samuel Donets ("Plaintiff"), in the United States District Court for the Northern District of Illinois, which is captioned as *Samuel Donets, individually and on behalf all others similarly situated v. Vivid Seats, LLC*, Case No. 1-20-cv-03551 (the "Lawsuit"). The Lawsuit is a purported class action brought under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* and the Plaintiff alleges that Vivid Seats violated BIPA in connection with a time clock that you may have used while you were employed with Vivid Seats. If you would like a copy of the Lawsuit, please contact legal@vividseats.com.

Vivid Seats disputes the allegations in the Lawsuit and intends to vigorously defend itself against it. In an abundance of caution, however, Vivid Seats is providing the enclosed notice of its retention policy and consent form for your review and signature. Vivid Seats discontinued use of the time clock at issue in May 2016. Plaintiff and Vivid Seats dispute whether Vivid Seats violated BIPA, and the Judge has not decided whether BIPA was violated or whether the Lawsuit can proceed as a class action.

Vivid Seats is offering you a settlement to put this matter to rest. In exchange for receiving a [1] signed Limited Release of Claims Agreement and [2] a signed notice of retention policy and consent form, Vivid Seats will pay you a lump sum of **$100.00** within 45 days of receiving your properly signed documents. **The two documents you must sign to receive the money are enclosed.** If you want to accept this offer—which may be more or less than what you may ultimately recover in the Lawsuit—please mail your signed copies of these documents to legal@vividseats.com or, in the alternative, using the self-addressed, stamped envelope included to:

Vivid Seats, LLC
111 N. Canal St., Ste. 800
Chicago, IL 60606
Attention: Legal Department

___

## PLEASE READ CAREFULLY

## LIMITED RELEASE OF CLAIMS AGREEMENT

This Limited Release of Claims Agreement ("Agreement") is entered into by and between [1] _____ ("you" or "your"), and [2] Vivid Seats, LLC ("Vivid Seats"). You and Vivid Seats are referred to as the "Parties."

## RECITALS

WHEREAS, on June 17, 2020, former employee Samuel Donets ("Plaintiff") sued Vivid Seats in the United States District Court for the Northern District of Illinois, in a case styled as *Samuel Plaintiff, individually and on behalf all others similarly situated. v. Vivid Seats, LLC* (Case No. 1-20-cv-03551 (the "Lawsuit"), and

WHEREAS on October 16, 2020, Plaintiff filed a First Amended Class Action Complaint in the Lawsuit, a copy of which is available to you by contacting legal@vividseats.com;

WHEREAS, Plaintiff alleges, among other things, that he was required to scan his fingerprints when using a biometric time clock and that Vivid Seats violated the Illinois Biometric Information Privacy Act ("BIPA") 740 ILCS 14/1, *et seq.*;

WHEREAS, Vivid Seats denies it violated BIPA;

WHEREAS, Plaintiff seeks to certify a class and be named as the class representative for all residents of Illinois who are current and former employees of Vivid Seats who had any biometric identifier or biometric information collected, captured or received by Vivid Seats without disclosures and consent during the five (5) year period preceding the filing of the Lawsuit, such that, if the court were to certify the class and if Vivid Seats were found to have violated BIPA, you may potentially be a class member and entitled to monetary relief;

WHEREAS, Vivid Seats denies that it has retained any biometric identifier or biometric information collected, captured, or received by Vivid Seats and represents that to its knowledge, all such biometric identifiers or biometric information is no longer accessible;

WHEREAS, Vivid Seats and Plaintiff dispute whether Vivid Seats violated BIPA, and the Judge has not decided whether BIPA was violated or whether the Lawsuit can proceed as a class action;

WHEREAS, by entering into this Agreement, you and Vivid Seats agree to settle, fully and finally, all pending and potential claims arising out of your employment with Vivid Seats relating to any claim you may have under BIPA, including but not limited to the allegations in the Lawsuit; and

WHEREAS, the Parties agree that these recitals shall be considered material terms of this Agreement.

NOW, therefore in consideration of the mutual covenants contained herein, the Parties hereby agree as follows:

1. ***Monetary Payment.*** Upon your execution of this Agreement, Vivid Seats agrees to pay you the gross sum of one hundred dollars and zero cents ($100.00) in a one-time, lump-sum payment (the "Monetary Payment"), within 45 days after you sign and return this Agreement. The gross sum paid to you under this Section will be included in a Form 1099 reflecting non-wage compensation that Vivid Seats will send to you and the IRS.

2. ***Limited Release of Claims.*** In exchange for the Monetary Payment described in Section 1 above, you irrevocably and unconditionally release, acquit, and forever discharge Vivid Seats and its subsidiaries, parent entities, predecessors, affiliates, successors, assigns, insurers, and employee benefits plans, and all of their respective agents, officers, current and future directors, representatives, employees, partners, fiduciaries and other representatives (collectively the "Released Parties") from any claims to date, known or unknown, suspected or unsuspected, that relate to alleged violations of BIPA. You give up any claim that is asserted in the Lawsuit or that could have been asserted, or that will be asserted in the Lawsuit. This is a limited release and does not apply to any claim unrelated to BIPA or the Lawsuit or that, by law, cannot be released.

3. ***Promise Not to Sue.*** You promise not to sue Vivid Seats in court for any alleged violation of BIPA. This is different from the Limited Release of Claims above. Besides releasing claims covered by the Limited Release of Claims in Section 2, you agree never to sue Vivid Seats for any reason covered by the Limited Release of Claims. By signing this Agreement you give up all rights to money or other individual relief based on an agency or judicial decision, including but not limited to, class or collective action rulings. You further agree that you are not entitled to recover a monetary amount from the Lawsuit, and that you will not participate in a legal action that seeks to stop, reverse, undo, or impact this Agreement.

4. ***Non-Admission of Wrongdoing and Liability.*** Neither this Agreement nor anything contained in this Agreement constitutes an admission of any wrongdoing or liability on the part of Vivid Seats or the Released Parties, and any and all such liability and wrongdoing are expressly denied.

5. ***Voluntary Execution.*** You agree that you are not required to sign this Agreement. You further agree that you are knowingly and voluntarily entering into this Agreement. You understand the terms of this Agreement and have had a reasonable amount of time to consider the Agreement. You further agree that you are aware of the Lawsuit, have had an opportunity to review the allegations in the Lawsuit, and that you may be a potential class member in the Lawsuit and that the claims at issue in the Lawsuit are included among the claims that you are waiving and releasing by signing this Agreement. By signing and timely returning this Agreement, you agree that you have voluntarily decided to accept the guaranteed Monetary Payment in Section 1, and forfeit the potential for receiving monetary and non-monetary relief in connection with the Lawsuit.

6. ***Time To Consider This Agreement.*** You agree that you have had an adequate amount of time to consider this Agreement and you may consult with anyone about it, including

your own attorney. If you do not sign and timely return this Agreement, you will not receive the Monetary Payment identified in Section 1.

      7.    *Potential Return of Monetary Payment.* You agree that if any part of this Agreement is ruled invalid or unenforceable, then you agree to promptly return the Monetary Payment you received to Vivid Seats.

      8.    *Governing Law.* You acknowledge and agree the Agreement is governed by the laws of the State of Illinois and any disputes shall be determined in Illinois courts.

      9. *Entire Agreement and No Oral Modification.* You acknowledge and agree that this Agreement is the full and complete agreement between you and Vivid Seats regarding the matters discussed above that and any prior discussions or understandings between you and Vivid Seats about the matters discussed above are replaced by this Agreement. You also acknowledge and agree that this Agreement cannot be changed and no part of it can be waived unless both you and Vivid Seats sign a separate written document agreeing to any changes.

Dated: _____, 2021

Time: _____

    _____
    Your Signature

Vivid Seats, LLC

By: _____

Dated: \_\_June 1_____, 2021

    \_VP, Legal & Government Affairs_____
    Title

69377061v.1

## NOTICE OF RETENTION POLICY AND CONSENT FORM

By signing below, I acknowledge that I have been advised and understand that Vivid Seats LLC (the "Company"), its vendors, and/or the licensor of the Company's time and attendance software used a timekeeping system that may have captured "biometric information" and/or a "biometric identifier" as those terms are defined in the Illinois Biometric Information Privacy Act, 740 ILCS §§ 14/1, *et seq.* for the purpose of identifying employees and recording time entries while utilizing the Company's timekeeping system. I understand that the time clock that was used was a computer-based system that may have scanned an employee's finger for purposes of identification and further understand that the computer system may have extracted unique data points and created a unique mathematical representation or "template" of the finger image used to verify the employee's identity when the employee arrived at or departed from the workplace.

The Company ceased using the time clock in May of 2016, and the Company has not retained, and does not possess, any employee templates or associated data.

I hereby acknowledge that I have received this notice of the Company's retention policy, and that I voluntarily consent to the Company's, its vendors', and/or the licensor of the Company's time and attendance software's prior use of the timekeeping system, including to the extent that it utilized the employee's finger scan(s) and related templates, and hereby acknowledge my voluntarily consent to the Company having provided such templates and associated data to its vendors, and/or the licensor of the Company's time and attendance software.

_____

Signature And Date

_____

Printed Name

**EXHIBIT B**



**Seyfarth**

233 South Wacker Drive
Suite 8000
Chicago, IL 60606-6448

Samuel Donets
2905 Covert Rd
Glenview, IL 60025



U.S. POSTAGE >> PITNEY BOWES
ZIP 60606 $ 001.20°
02 4M
0000360802 JUN 09 2021



Seyfarth

Vivid Seats, LLC
111 N. Canal St., Ste. 800
Chicago, IL 60606
Attention: Legal Department



U.S. POSTAGE >> PITNEY BOWES
ZIP 60606 $ 000.51⁰
02 4W
0000360802

