UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SAMUEL DONETS,** individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **VIVID SEATS LLC,** <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) No. 1:20-cv-03551 <br><br> Hon. Franklin U. Valderrama |

**PLAINTIFF'S REPONSE TO DEFENDANT VIVID SEATS' OBJECTIONS AND SUGGESTED CHANGES TO THE PROPOSED CORRECTIVE NOTICE**

Plaintiff, Samuel Donets, in response to the objections and suggested changes submitted by Defendant Vivid Seats, LLC ("Vivid Seats") to the proposed Corrective Notice ("Notice"), *see* Doc. 53, states as follows:

1. Vivid Seats made numerous objections and suggested changes to Plaintiff's proposed corrective Notice. (*See* Doc. 53). Many of these objections and changes ignore the Court's May 16, 2022, Order (Doc. 48, "Order"), and, if accepted, would again mislead the putative class members, and would further permit Vivid Seats and its counsel to communicate with potential class members during the pendency of the stay in this case. Plaintiff addresses the objections and changes that violate the Court's Order *seriatim*.

2. Vivid Seats argues that the Notice fails to notify the putative class members that Plaintiff's claims may be time barred. (Doc. 53, Obj. at ¶ 1). To remedy this alleged failure, Vivid Seats inputs the following at the end of Paragraph B of the Notice: "Depending upon the outcome of *Tims, Marion,* or *White Castle*, Plaintiff's claims in this lawsuit may already be time-barred because he may have filed his lawsuit too late, which, if true, means that neither he nor you are

entitled to any damages." Vivid Seats' allegation is incorrect, and its remedy is misleading. Plaintiff specifically detailed the issues of *Tims, Marion,* and *White Castle*, which include the statute of limitations issue.

Moreover, Vivid Seats' additional statement does not account for other possibilities under *Tims, Marion,* and *White Castle*, namely, that Plaintiff's claim *is* timely and that it *may* include claims for *each time* his fingerprint was taken, as opposed to a "one-time" violation. Thus, if Vivid Seats' statement is included in the Notice, the twin possibilities that Plaintiff's lawsuit is timely and that Plaintiff may also entitled be to $1,000 to $,5,000 dollars in liquidated damages *each time* his fingerprint was taken and shared with third parties should also be included. Further, and based upon these amounts, Vivid Seats' offer of $100 dollars for the Limited Release and Consent Form is well below the amount a person may recover, especially if a BIPA violation occurs with every scan of that person's fingerprint.

3. Vivid Seats argues that the Corrective Notice is misleading because damages under BIPA are discretionary. (Obj. at ¶ 2). Vivid Seats is mistaken. The damages under BIPA are statutorily mandated; if a violation is found, the damages are precisely provided for in the statute. The only discretion is determining whether a violation occurred and, if it occurred, whether the violation was intentional or reckless. However, Plaintiff is willing to include the word "may" in the Notice under the BIPA damages section in Paragraph B.

4. Vivid Seats argues that the Notice should not include a case caption because it is prejudicial and does not include contact information for Vivid Seats or its counsel. (Obj. at ¶ 3). Vivid Seats' arguments are unpersuasive. The Court invalidated the Limited Releases and Consent Forms based on its finding that they "were *misleading by omission* in that they do not include: (1) information about the available statutory damages under BIPA, (2) information about the *Tims*,

*Marion*, and *White Castle* appeals, (3) Donets' counsel's information, or (4) a copy of, or link to, the ***complaint.***" (Order at 9, 11) (emphasis added). To correct the misleading nature of Vivid Seats' communications, the Court instructed that the Notice should include, *inter alia*, the current status of the instant case. (*Id.* at 11). Simply stated, the notice makes no sense without a case caption, and complaining that inclusion of a case caption is prejudicial borders on the absurd.

Vivid Seats' assertion that the "absence of contact information for Vivid Seats or its counsel" is "glaring" and "prejudicial," Obj. at ¶ 3, demonstrates Vivid Seats' apparent misunderstanding as to the Court's Order, which "admonished" Vivid Seats that it is "prohibited from contacting any potential class member while this case is stayed." (Order at 12). Indeed, Vivid Seats later doubles down on this argument, claiming:

> Plaintiff's proposed language about Vivid Seats not being permitted to have contact with its former employees is also confusing since some of the employees may want to contact Vivid Seats with their questions, especially those individuals who accepted Vivid Seats' offer, yet they are being told that their former employer is prohibited from answering such questions because it may not have contact with them. In addition to being confusing, such language is prejudicial to Vivid Seats, thus, it should be removed.

(Obj. at ¶ 6, page 7). Again, the Court "admonished" Vivid Seats that it is "prohibited from contacting any potential class members ***while this case is stayed***." (Order at 12) (emphasis added). Vivid Seats either does not understand or is simply choosing to ignore the Court's unmistakable language. Placing Vivid Seats' or its counsel's contact information on the Notice simply tees up the opportunity for Vivid Seats and its counsel to again communicate with potential class members while the case is stayed, contrary to the intent of the Court's Order. Indeed, Vivid Seats' last communications with potential class members during the stay resulted in this Court granting Plaintiff's Rule 23(d)(1) motion. (Doc. 48). Vivid Seats should not be permitted to engage in the same type of behavior again.

5. Relatedly, Vivid Seats challenges the statement in the Notice that: "Additionally,

and in conjunction with the Limited Releases and Consent Forms, the Judge instructed Vivid Seats to not contact you any further during the pendency of the stay." (Obj. at ¶ 6). Vivid Seats argues:

> That statement is inflammatory and prejudicial to Vivid Seats in the eyes of these unrepresented class members since it implies that Vivid Seats' previous communications contained untruthful or coercive statements, which the Court did not find. The Court only found that Vivid Seats previous communications *did not contain enough information*.

(Obj. at ¶ 6) (emphasis added). Vivid Seats' contention is simply wrong. The Court expressly found that Vivid Seats' communications with potential class members "were *misleading* by omission . . ." in that it failed to inform the putative class members of the existence of the complaint or that "BIPA provides for statutory damages in the amount of $1,000 or $5,000 (10 or 50 times the amount offered)." (Order at 9-10). Further, it is unclear why the express language of the Court's Order is "inflammatory and prejudicial" to Vivid Seats. Vivid Seats' attempt to soft petal its "misleading by omission" communications is in and of itself an effort at further misleading the putative class. While one could surmise that Vivid Seats would prefer not to have the Court's admonition disseminated, its preference is immaterial, and the Court's decision to prohibit Vivid Seats from contacting putative class members during the pendency of the stay must be included in the Corrective Notice to ensure its enforcement.

6. Regarding Vivid Seats' remaining objections, Plaintiff attaches a redline of its Corrective Notice incorporating those objections as Exhibit A and a clean copy of the Corrective Notice as Exhibit B.

Dated: June 21, 2022

                                                Respectfully submitted,

                                                SAMUEL DONETS, individually and on behalf of all others similarly situated

                                                By: /s/ Wallace C. Solberg
                                                Wallace C. Solberg

ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
(847) 3688-1500
wsolberg@andersonwanca.com
rkelly@andersonwanca.com

Nick Wooten
NICK WOOTEN, LLC
5125 Burnt Pine Drive
Conway, Arkansas 72034
(833) 937-6389
nick@nickwooten.com

Rusty A. Payton
PAYTON LEGAL GROUP
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Arthur C. Czaja
LAW OFFICE OF ARTHUR CZAJA
7521 N. Milwaukee Avenue
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com

*Counsel for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                             s/ Wallace C. Solberg
                                             Wallace C. Solberg